UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
PRINCE VALCARCEL,                                                      Docket No. 13-CV-1740

        - against -                                                                  **AMENDED COMPLAINT**
                                                                                                                                                             **AND JURY DEMAND**

CITY OF NEW YORK, CHRISTOPHER
MALONE both in his individual and official
capacity, "JOHN DOES," both in their
individual and official capacities, the identity
and number of whom is presently unknown
to the plaintiff.
--------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against the City of New York, Christopher Malone and John Does arising out of the false arrest of the plaintiff.

2. On or about December 31, 2011, in Queens County, New York, at least officers with the New York City Police Department, including but not necessarily limited to Christopher Malone, acting under color of state law, intentionally and willfully falsely arrested plaintiff PRINCE VALCARCEL (hereinafter "plaintiff").

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Sections 1331, 42 U.S.C. 1983 and 1985, the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution, the N.Y. State Constitution and under the common law of New York State.

4. The amount in controversy exceeds $75,000 excluding interest and costs.

5. This Court has jurisdiction of the state law claims pursuant to 28 U.S.C. Section 1367(a).

6. Venue is laid within the United States District Court for the Eastern District of New York in that plaintiff resides in Queens County and Queens County is the location where the events giving rise to the claim took place, and same is located within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times relevant hereto resided in the City of New York and State of New York.

8. Defendant City of New York was at all times relevant hereto a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and laws of the State of New York.

9. Defendant CHRISTOPHER MALONE (hereinafter "Officer Malone") as well as "John Does" are at all times relevant hereto employees, agents and/or servants of the New York City Police Department ("NYPD") and/or City of New York (hereinafter collectively referred to as the "individual defendants").

10. At all times mentioned herein, defendants were acting under color of state law, to wit, under color of statutes, regulations, policies, customs and usages of the City of New York and State of New York.

## FACTUAL ALLEGATIONS

11. On or about December 31, 2011, at or about 6:00p.m., plaintiff was arrested by Officer Malone for allegedly violating an order of protection. Upon information and belief, Plaintiff is a dark complexion Caribbean man while Defendant Malone is a Caucasian man.

12. Plaintiff previously had an order of protection requiring him to, among other things, "stay away" from "Sandra Cargill," including Ms Cargill's "home." Upon information and belief, Ms Cargill's home is 185-01 Galway Avenue in the County of Queens, State of New York. Said Order of Protection had been issued by Queens County Criminal Court in an action with the Docket No. 2011QN038217. The latest order of protection in effect under such docket was issued by the Court on or about December 12, 2011.

13. On or about December 19, 2011, the order of protection was vacated by the Criminal Court. Upon information and belief, all criminal charges again plaintiff were dropped, the case was dismissed and sealed, and New York's "Order of Protection Registry" was updated to reflect same.

2

14. On or about December 31, 2011, plaintiff received a call from an NYPD Officer requesting that he voluntarily present himself at the address of 185-01 Galway Avenue in the County of Queens, State of New York. Plaintiff promptly did so. When he arrived at the scene, plaintiff was immediately placed in hand cuffs and arrested for allegedly violating the order of protection earlier that day. NYPD alleged that he had gone to the home of Ms Cargill earlier in the day in violation of the order of protection.

15. Plaintiff attempted to explain to the Officers, including but not necessarily limited to Officer Malone, that the order of protection had already been vacated.

16. Upon information and belief, Officer Malone either at the scene of the arrest and/or back at his Precinct looked-up the order of protection on the Order of Protection Registry. Upon information and belief, he was unable to find an existing order of protection. Indeed, when plaintiff made inquiry of Officer Malone as to whether he was able to find the order of protection, Defendant Malone replied to Plaintiff, "it's not there." Moreover, Officer Malone asked Plaintiff for details of his arrest "because it's not coming up on our system." Plaintiff reiterated to Defendant Malone that it's not coming up on their system because his criminal case and order of protection had been dismissed. But instead of releasing plaintiff, Officer Malone instead stated, on information and belief (and in substance) "we'll just take you to the courthouse and let them sort it out."

17. Plaintiff was falsely arrested, leading to a proceeding in Queens Criminal Court, at which all charges against plaintiff were subsequently dismissed upon the District Attorney confirming the order of protection had previously been vacated, and thus plaintiff should have never been arrested in the first place.

18. Plaintiff was unlawfully detained for between 24-48 hours.

19. As a direct and proximate result of the acts of the defendants, plaintiff suffered: violation of his constitutional rights, embarrassment, humiliation, psychological injury, suffering, emotional distress and mental anguish and attorney's fees. These are continuing injuries and the full extent of plaintiff's injuries are as yet unknown.

## FIRST CAUSE OF ACTION
(FALSE ARREST AGAINST INDIVIDUAL DEFENDANTS)

20. Paragraphs 1 through 19 are incorporated herein by reference.
21. John Doe Defendants illegally detained, arrested and illegally imprisoned plaintiff.
22. Plaintiff was deprived of significant liberty for more than 24 hours.
23. As a result of this false arrest and illegal imprisonment, plaintiff was damaged in violation of his constitutional, federal and state rights.

## SECOND CAUSE OF ACTION
(42 U.S.C. §1983 AND §1985 VIOLATIONS)

24. Paragraphs 1 through 23 are incorporated herein by reference.
25. Defendants deprived plaintiff of his civil, constitutional, statutory and common law rights and have conspired to deprive him of his such rights and are liable to plaintiff under 42 U.S.C. §1983 and §1985 and the N.Y. State Constitution.
26. Defendants JOHN DOES are other officers at the scene of plaintiff's arrest who assisted Defendant Malone in the arrest of Plaintiff and/or Officers or supervisors who assisted Defendant Malone in attempting to verify the existence of an order of protection against Plaintiff.
27. Defendants JOHN DOES and Defendant Malone conspired for the purpose of depriving plaintiff of the equal protection of the laws and/or equal privileges and immunities under the laws.
28. Said Defendants allowed one or more other defendants to falsely arrest plaintiff and otherwise failed to intervene to prevent or halt said unlawful arrest and detention.
29. Said defendants were motivated by a racial animus.
30. As a result of defendant's conspiracy, plaintiff suffered injury as well as deprivation of his constitutional rights.
31. Plaintiff was damaged by defendants' conspiracy to deprive him of his rights pursuant to the U.S. and N.Y. Constitutions and 42 U.S.C. §1983.

4

## THIRD CAUSE OF ACTION
(MUNICIPAL LIABILITY)

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. Defendant City of New York is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants and the others whose names and numbers are currently unknown.

34. Defendant City of New York has known about similar prior acts by its employees, agents, and servants, and failed to properly investigate and/or discipline such employees, agents, and servants.

35. It was the policy and/or custom of Defendant City of New York to inadequately train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers. The City does not require appropriate in-service training and/or re-training of officers who were known to have engaged in police misconduct.

36. Defendant City of New York knew or should have known of their employees', agents' or servants' propensity to engage in illegal and wrongful acts details above.

37. Defendant City of New York should have a policy in place requiring Officers to verify the existence of a valid order of protection by utilizing the Order of Protection Registry and requiring that if Officers cannot verify the existence of such a valid order, then the arrestee should be released until such time as the Officer can verify the existence of a valid order. For example, NYPD Patrol Guide 110-38 instructs officers called upon to enforce an order of protection to determine whether the person to be arrested had notice that the order was issued. It further instructs officers to determine whether such person was present in court when the order was issued, or was served with a copy of the order. The Patrol Guide further directs the officer "if deemed necessary" to "call the court that issued the order during normal business hours to seek further information." The Patrol Guide additionally directs Officers to determine whether a record of the order of protection exists on the statewide registry *but only if the complainant is unable to produce a copy*. The Patrol Guide should make clear that if the person

5

        to be arrested disputes either valid service of the order of protection, or disputes whether the order of protection is still valid (i.e., not expired), the Officer is required to first verify the existence, service and validity of the order of protection in the Order of Protection registry, or if unable to verify same, to call the Court which issued the order for such verification – irrespective of whether the complainant produces a copy of the order. The lack of such a specific policy in place lead directly to the harm plaintiff (and others similarly situated) suffered.

38. These policies, customs or practices were intentional policies, customs or practices of said defendants.

39. As a result of the above described policies and/or customs, police officers if the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

40. The above described policies and/or customs demonstrate a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights as alleged herein.

41. Defendants CITY OF NEW YORK and/or NYPD have assumed a duty to protect its citizenry from harm by others.

42. As a result of this policy, custom or practice, plaintiff suffered harm.

43. Plaintiff has been damaged as a result of the wrongful, negligent and/or illegal acts of Defendant City of New York.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, as follows:

      A.      Awarding compensatory damages;

      B.      Awarding punitive damages;

      C.      Awarding plaintiff reasonable attorneys fees, costs and disbursements of this action; and

      D.      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  White Plains, New York

        September 16, 2013

 

David I. Bliven (DB 4867)
Attorney for Plaintiff
445 Hamilton Ave., Suite 607
White Plains, NY 10601
(718) 725-9600
davidbliven@msn.com