UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

PRINCE VALCARCEL,

                     **ORDER ADOPTING REPORT**
                     **AND RECOMMENDATION**
         Plaintiff,

  -against-                    13-CV-1740(KAM)(CLP)

CITY OF NEW YORK, et al.,

         Defendants.

----------------------------------------X

**MATSUMOTO, United States District Judge:**

        On April 1, 2013, plaintiff Prince Valcarcel ("plaintiff") commenced this action against the City of New York ("the City"), Officer Christopher Malone, in his individual and official capacities, and an unknown number of John Doe police officers (together, "defendants"). (*See generally* ECF No. 1, Complaint filed 4/1/13.) Plaintiff filed an amended complaint on September 16, 2013. (*See* ECF No. 12, Amended Complaint ("Am. Compl.") filed 9/16/13.) In his Amended Complaint, plaintiff brings claims of, *inter alia*, false arrest and false imprisonment pursuant to 42 U.S.C. § 1983, conspiracy pursuant to 42 U.S.C. § 1985, and failure to intervene against the individual defendants. (*See generally* Am. Compl.) Plaintiff also brings a *Monell* claim for municipal liability under 42 U.S.C. § 1983 against the City of New York. (*Id.* at ¶¶ 32-43.)

        According to the Amended Complaint, plaintiff was

falsely arrested on December 31, 2011, after voluntarily appearing at a Queens apartment in compliance with a telephone request from a New York City police officer. (ECF No. 25, Report and Recommendation dated 7/29/14 at 2 ("R&R"), citing, *inter alia*, Am. Compl.[1]) Plaintiff alleges that he was arrested for allegedly visiting the home of Sandra Cargill, who once had a Temporary Order of Protection against plaintiff, earlier that day. (*Id.*) Plaintiff alleges that he was arrested after having explained to the arresting officers that the Order of Protection had been vacated and after Officer Malone told plaintiff he was unable to find the Order of Protection in the Police Department's system. (*Id.* at 3-4.) Officer Malone denied making such statements and declares that he both confirmed the entry of a facially valid order of protection against plaintiff and informed plaintiff that police records reflected an order of protection. (*Id.* at 5.)

Plaintiff was charged with criminal contempt and held in custody for 24-48 hours until the District Attorney confirmed that the Order of Protection had been previously vacated. (*Id.* at 4-5.) Plaintiff then filed this action against Officer Malone, the John Doe officers, and the City seeking damages for violations of his constitutional rights and the City's failure

---

[1] As discussed below, the parties have not objected to Judge Pollack's Report and Recommendation, including its recitation of the facts, which are summarized here.

2

to, *inter alia*, train and supervise its employees and have a policy in place for verification of orders of protection. (*Id.* at 5.)

On October 15, 2013, defendants moved to dismiss plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 16, Notice of Mot. to Dismiss filed 11/18/13.) On April 11, 2014, the court referred defendants' motion to the Honorable Cheryl L. Pollack for a Report and Recommendation. (*See* Order Referring Motion dated 4/11/14.)

On July 29, 2014, Judge Pollack issued a Report and Recommendation recommending that plaintiff's complaint be dismissed in its entirety and that summary judgment be granted in favor of defendants. (R&R at 1, 29.) Judge Pollack found that summary judgment should be granted to defendants on plaintiff's false arrest and false imprisonment claims because plaintiff failed to provide any evidence contradicting the existence of probable cause to arrest. (*Id.* at 19.) Additionally, Judge Pollack recommended that plaintiff's false arrest and imprisonment claims be dismissed because Officer Malone was entitled to qualified immunity. (*Id.* at 26.) The R&R also recommended dismissal of plaintiff's Section 1985 conspiracy claim pursuant to the intracorporate conspiracy

3

doctrine, because plaintiff did not allege involvement of individuals other than police officers in his arrest. (*Id.* at 26-27.) The R&R recommended dismissal of plaintiff's failure to intervene claim because the complaint contained no allegations from which the court could infer that other officers observed a constitutional violation and failed to intervene. (*Id.* at 27.) Finally, the R&R recommended summary judgment for defendants on plaintiff's *Monell* claim because the procedures used in this case had been approved by the State legislature, and because case law in this circuit does not require officers to take the additional steps advocated by plaintiff. (*Id.* at 28-29).

   The R&R also informed the parties that any objections to the report must be filed within fourteen days of receipt of the report. (*See* R&R at 29 (citing 28 U.S.C. § 636(b)(1)).) Notice of the R&R was sent electronically to the parties via the court's electronic filing system on July 29, 2014. The statutory period for filing objections has expired, and to date, no objections have been filed. (*See generally* Docket No. 13-CV-1740.)

   A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the

Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

The court has carefully reviewed the record and Judge Pollack's well-reasoned and thorough Report and Recommendation and finds no clear error. In adopting the Report and Recommendation, the court finds that defendants are entitled to summary judgment on plaintiff's section 1983 false arrest and imprisonment claim because probable cause existed to arrest plaintiff. The court further finds that Officer Malone is entitled to qualified immunity, and that plaintiff's failure to intervene, conspiracy, and municipal liability claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Accordingly, defendants' motions are granted in their entirety. The Clerk of Court is respectfully directed to enter judgment in favor of defendants and close this case.

**SO ORDERED.**

Dated:   September 2, 2014
         Brooklyn, New York

                                               _____/s/_____
                                               Kiyo A. Matsumoto
                                               United States District Judge